IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| CHRISTINE CUBELO, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:25-cv-00184-PX |
| HEARING LAB TECHNOLOGY, LLC, | * | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM OPINION**

In this discrimination case, Plaintiff Christine Cubelo ("Cubelo") accuses her former employer Hearing Lab Technology, LLC ("HLT") of disability discrimination, failure to accommodate, and retaliation. ECF No. 1. HLT moves to dismiss the Complaint for failure to timely file suit and because the claims fail as a matter of law. ECF No. 6. The issues are fully briefed, and the Court finds no hearing necessary. *See* D. Md. Loc. R. 105.6. For the reasons stated below, HLT's motion to dismiss is GRANTED because Cubelo did not meet the statutory deadline to bring this action.

**I. Background**

HLT sells hearing aids at the Gaithersburg, Maryland Sam's Club. ECF No. 1 ¶ 6. HLT hired Cubelo—who is hearing impaired—in October 2021 as an HLT Hearing Aid Specialist at the Sam's Club. *Id.* ¶¶ 6, 8. A few months after Cubelo started, Cubelo asked HLT District Manager Kelly Watkins ("Watkins") to replace the "captioned telephone with a built-in screen and amplifier . . . because the captioned telephone [Cubelo] had been using was broken." *Id.* ¶¶ 7, 10; ECF No. 6-5. Watkins told her the equipment was "too expensive." *Id.* ¶ 10. In January of 2022,

1

Cubelo mentioned the same to HLT's Regional Health and Wellness Manager, William Parker, but "no action" was taken.  *Id.* ¶ 12.

Several months later, Cubelo emailed Watkins about "who can help" to secure her the captioned telephone.  Cubelo wrote,

> Hi Kelly,
>
>   I remember a few weeks ago the topic of new phones came up, but not sure if that is still happening. If it is, I have a request.  Since I have a mild hearing loss, and I'm located right next to the loud TVs, and the current phone at max volume is still hard to hear because the handset produces a lot of static.....I have purchased my own headset to plug into the bottom of the phone but it's still tough to make out what the caller says half the time. I spoke with Caption Call and they can install a phone for me but the HAC needs a dedicated line. The multi-line is digital and the dedicated line would be analog, which is what the Caption Call phone is compatible with. Who can help route this request?

ECF No. 6-5. [1]

 The same day, Watkins forwarded the email to Parker and asked him whether "something . . . can be done?"  ECF No. 6-6.  On November 11, 2022, Watkins again followed up with Parker, stating "can you get us a new work phone? . . .  [Cubelo] is having difficulty hearing on the phone. Please advise. Thank you."  ECF No. 6-7.  Parker responded to Watkins that "we can replace the phone" but not "at this time" because "budgets reset in February."  ECF No. 6-7.

On January 20, 2023, Cubelo again emailed Watkins about the phone.  In it, Cubelo notes that she had texted Watkins in November and on January 13 about the phone "but did not get a response."  ECF No. 6-8.  Cubelo asked Watkins to "continue this conversation over email," and

---

[1] The parties disagree over whether email correspondence attached to HLT's motion is integral to the Complaint, and thus, can be considered on a motion to dismiss.  *See Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (court may consider documents that are integral to the Complaint and authentic).  Because the Complaint describes a course of conduct that includes email exchanges involving the same subject matter and authors, ECF No. 1 ¶¶ 11, 12, 13, and the authenticity of the emails is not challenged, the Court will consider them as part of the factual predicate without transforming the motion into one for summary judgment.

reiterated that the absence of the phone "negatively impacts" her job performance, and she has been forced to spend her own money for a "mediocre headset." ECF No. 6-8.

On February 20, 2023, Cubelo also reached out to HLT Supervisor, Kerstin Rennie ("Rennie") for a new captioned telephone. ECF No. 1 ¶ 13. On March 23, 2023, Cubelo received the requested captioned telephone, however it did not work because it had been damaged during delivery. *Id.* ¶ 14. Cubelo advised Watkins that the captioned telephone was damaged. *Id.* But before Watkins could act, HLT suspended Cubelo on March 30 for improperly allowing customers to use her Sam's Club card. *Id.* ¶ 15. One month later, HLT terminated Cubelo for "performance issues." *Id.* ¶ 16.

On June 30, 2023, Cubelo filed a formal charge of discrimination and retaliation with the Maryland Commission on Civil Rights ("MCCR") and the Equal Employment Opportunity Commission ("EEOC"). ECF No. 1 ¶ 3. She next "received the Notice of Right to sue from the EEOC" on October 17, 2024. *Id.* ¶ 4. On January 17, 2025, she filed suit in this Court, alleging disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.* and MD. CODE ANN., State Gov't § 20-606, *et seq.* ("MFEPA") (Counts I & II); failure to provide reasonable accommodations under the ADA (Count III); and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (Count IV). HLT now moves to dismiss the Complaint as untimely filed and on the merits.[2] ECF No. 6. Because the Complaint was filed beyond the statutorily required 90-day filing period, it must be dismissed.

---

[2] Cubelo asks the Court not to consider HLT's motion because she claims the motion was filed three days late. ECF No. 7-1 at 4–5. Cubelo is mistaken. Federal Rule of Civil Procedure 12 requires a defendant to file its motion "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). As for calculating the time to file, Rule 6 directs the movant to "exclude the day of the event that triggers the period," and "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1). HLT was served on February 21,

**II.     Analysis**

Although HLT urges the Court to treat the untimeliness of the Complaint as implicating the Court's subject matter jurisdiction, it is more properly addressed as a motion to dismiss under Rule 12(b)(6).  *See Fort Bend Cty., Texas v. Davis*, 587 U.S. 541, 552 (2019) (abrogating *Jones v. Calvert Group, Ltd.*, 551 F.3d 297 (4th Cir. 2009)).  *See also Weathersbee v. Baltimore City Fire Dep't*, 970 F. Supp. 2d 418, 426–27 (D. Md. 2013).  In reviewing the motion, the Court "accept[s] the factual allegations in the complaint as true and construe[s] them in the light most favorable to the nonmoving party."  *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).

It is undisputed that Cubelo received her right-to-sue letter on October 17, 2024, and filed suit 92 days later.  ECF No. 1 ¶ 4.  Both the ADA and Title VII require the plaintiff to file suit "within 90 days after the issuance of a right-to-sue letter."  42 U.S.C. § 2000e–5(f)(1) (Title VII); *see also* 42 U.S.C. § 12117(a) (ADA).  The 90-day time to file is "strictly enforced" and "treated like a statute of limitations."  *Weathersbee*, 970 F. Supp. 2d at 427 (quotation omitted); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653–54 (4th Cir. 1987) (holding complaint was untimely where plaintiff sued 91 days after his household received the notice); *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007) ("Courts apply this limit strictly and will dismiss a suit for missing the deadline by even one day.") (internal quotations and citation omitted).  But "'like a statute of limitations, it is subject to waiver, estoppel, and equitable tolling.'" *Crabill v. Charlotte Mecklenburg Bd. of Educ.,* 423 F. App'x 314, 321 (4th Cir. 2011) (quoting *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006)).

---

2025.  ECF No. 3.  Adding 21 days beginning on February 22 makes the filing deadline March 15, 2025.  But because March 15 fell on Saturday, the motion was due, and was timely filed, on Monday, March 17.

Cubelo, for her part, concedes that her suit is untimely.  ECF No. 7-1 at 6.[3]  She simply argues that her failure to file suit within the 90-day period was an "unfortunate human mistake" that should be forgiven because HLT suffered no prejudice.  *Id*.  This argument, at best, amounts to a thinly veiled request for the Court to equitably toll the time to file.

Equitable tolling, however, applies only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *see Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990) (noting that the doctrine of equitable tolling is to be applied "sparingly").  Mere averments of "diligent efforts," combined with an asserted lack of prejudice to the defendant, does not constitute an "independent basis" for applying the doctrine.  *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151–52 (1984).  As the Supreme Court has explained, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants," and "'[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" *Id.* at 152 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).  Thus, Cubelo has simply failed to demonstrate that equitable tolling applies.

As for the MFEPA claims, HLT studiously avoids addressing whether the 90-day filing rule applies.  ECF No. 6.  MFEPA, however, incorporates the exhaustion requirements of its

---

[3] As a limitations argument, the burden of proof generally falls on the party asserting it.  *McNeill v. Polk*, 476 F.3d 206, 220 n.3 (4th Cir. 2007).  That said, "[t]he plaintiff bears the burden of establishing the timeliness of the filing of her complaint whe[n] it is contested by the defendant." *Cepada v. Board of Education of Baltimore County*, Civ. No. WDQ-10-0537, 2010 WL 3824221, at *3 (D. Md. Sept. 27, 2010) (citation omitted); *see Darden v. Cardinal Travel Center*, 493 F. Supp. 2d 773, 776 (W.D. Va. 2007).  Regardless, the Complaint avers, and Cubelo concedes, that the Complaint had been filed more than 90 days after she received the EEOC right to sue letter.  Thus, the claims are untimely filed.

5

federal statutory analogues, to include the 90-day time to file.    *See Marshall v. Anne Arundel Cnty., Maryland*, Civ. No. ELH-18-74, 2019 WL 568676, at *12 (D. Md. Feb. 12, 2019) ("The ADA, the ADEA, and the MFEPA, like Title VII, require that a plaintiff commence a court action within ninety days of receipt of his or her right to sue notice from the EEOC.").  Thus, the Court dismisses those claims for the same reason.

As for whether to dismiss the claims with or without prejudice, because the untimeliness is plain from the face of the Complaint and conceded by Cubelo, the Court is strongly inclined to dismiss with prejudice.  *Cf. Booker v. Armacell, LLC*, No. 1:24-CV-1109-DAB-JGM, 2026 WL 622574, at *4–5 (M.D.N.C. Mar. 5, 2026) (dismissing with prejudice where plaintiff "provided no plausible basis" to equitably toll the 90-day filing requirement under Title VII); *Bowie v. Univ. of Maryland Med. Sys.*, Civ. No. ELH-14-03216, 2015 WL 1499465 (D. Md. Mar. 31, 2015) (same) (ADA).  Yet, the Court also recognizes that if Cubelo could marshal additional facts to satisfy waiver, estoppel, or equitable tolling, *Crabill,* 423 F. App'x at 321, perhaps she may salvage her claims in state or federal court.  Accordingly, and out of an abundance of caution, the Court will dismiss the Complaint without prejudice.

A separate Order follows.


03/23/2026
Date

/s/
Paula Xinis
United States District Judge